UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                               :
BRIAN P. LENARZ,                               :
                                               :    CASE NO. 5:12-CV-01542
             Plaintiff,                        :
                                               :
vs.                                            :    OPINION & ORDER
                                               :    [Resolving Doc. Nos.1, 16, 17, & 18]
COMMISSIONER OF                                :
SOCIAL SECURITY,                               :
                                               :
             Defendant.                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this social security benefits case, Plaintiff Brian P. Lenarz objects to the Magistrate Judge's Report and Recommendation. That report recommends affirming the Administrative Law Judge's ("ALJ") denial of benefits.[1] Because the ALJ had substantial evidence supporting his decision, the Court **ADOPTS** the Recommendation of the Magistrate Judge and **AFFIRMS** the ALJ's denial of benefits.

**I. Background**

On January 10 and January 15, 2008, Plaintiff Lenarz filed applications for Supplemental Security Income and Disability Insurance Benefits.[2] Lenarz alleged a disability onset date of October 15, 2007,[3] due to a combination of diabetes mellitus and vision problems.[4] On September 28, 2010, Administrative Law Judge Edmond Round conducted a hearing.[5] Lenarz and a vocational expert

---

[1] Doc. 16
[2] Doc. 10 at 70-71.
[3] *Id.* at 41, 117.
[4] *Id.* at 70-74, 77, 81, 83.
[5] *Id.* at 31-69.

Case No. 5:12-CV-01542
Gwin, J.

testified at the hearing.[6] At the hearing, Lenarz testified regarding his diabetes mellitus, bipolar disorder, episodic alcohol and cannabis abuse, and HIV disease.[7] The ALJ asked the vocational expert a series of hypothetical questions to determine whether Lenarz could perform his past work and whether Lenarz could perform other jobs in the national economy.[8]

On January 13, 2011, the ALJ issued a decision finding Plaintiff Lenarz was not disabled.[9] The ALJ found Lenarz suffered from the following severe impairments: diabetes mellitus, bipolar disorder, and episodic alcohol and cannabis abuse. The ALJ did not find Lenarz's HIV disease severe because it was being adequately managed with antiretroviral medication.[10] Despite determining Lenarz suffered from several severe impairments, the ALJ did not find Lenarz disabled because he could perform a significant number of jobs in the national economy, such as a cleaner, packer, and inspector.[11]

On February 10, 2011, Plaintiff Lenarz appealed the ALJ decision to the Appeals Council of the Social Security Administration.[12] On April 20, 2012, the Appeals Council denied Lenarz's request for review, making the ALJ's decision final[13]. Plaintiff thereafter sought review in this Court.[14] On July 11, 2013, Magistrate Judge Kathleen B. Burke issued her Report and Recommendation. She recommended affirming the Commissioner's decision.[15] On July 24, 2013,

---

[6] *Id.* at 31-69.
[7] *Id.* at 36-54.
[8] *Id.* at 54-67.
[9] *Id.* at 12-25.
[10] *Id.* at 18.
[11] *Id.* at 23-24.
[12] *Id.* at 7-8.
[13] *Id.* at 1-3.
[14] Doc. 1.
[15] Doc. 16.

Case No. 5:12-CV-01542
Gwin, J.

Lenarz objected to the Report and Recommendation,[16] and on August 7, 2013, the Commissioner filed a response.[17] The case is now ripe for decision.

## II. Legal Standards

### A. Standard for Establishing Disability

To establish disability under the Social Security Act, a claimant must show that he cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[18] The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy.[19]

To determine whether a claimant is disabled, agency regulations call for a five-step sequential evaluation. If at any step of the sequential evaluation the claimant is found not disabled, the review ends.[20] During Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he or she seeks disability benefits.[21] In Step Two, the plaintiff must show that he or she "suffers from a severe impairment in order to warrant a finding of disability."[15] A severe impairment is one which "significantly limits ... physical or mental ability to do basic work activities."[16] If the ALJ finds at least one of the claimant's impairments severe, the ALJ must

---

[16] Doc. 17.
[17] Doc. 18.
[18] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).
[19] *Id.*
[20] 20 C.F.R. § 404.1520(a); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir.2006).
[21] 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920; *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
[15] *Id.* (internal quotations omitted).
[16] *Id.*

Case No. 5:12-CV-01542
Gwin, J.

consider both the severe and non-severe impairments in the remaining steps.[17] During Step Three of the analysis, if the plaintiff is not performing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the ALJ must presume the plaintiff disabled.[18] For the Fourth Step, the ALJ must determine if the claimant's residual functional capacity allows him to do past relevant work.[19] Finally, in the Fifth Step, the ALJ must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. "For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled."[20]

**B. Standard of Review**

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation.[21] A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court only determines whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[22]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support

---

[17] *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008).
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] 28 U.S.C. § 636(b)(1).
[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

-4-

Case No. 5:12-CV-01542
Gwin, J.

a conclusion."[23] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[24] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[25] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[26] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[27]

### III. Analysis

Plaintiff Lenarz raises only one objection to Magistrate Judge Burke's Report and Recommendation.[28] He objects to the Magistrate Judge's determination that the ALJ did not commit reversible error at Step 2 when the ALJ found Plaintiff's HIV was not a severe impairment and failing to consider its contribution to Plaintiff's fatigue (separate from any other impairment). Lenarz says that a finding that an impairment is not severe is a finding that the "impairment does not even minimally affect the claimant's ability to work."[29] Consequently, Plaintiff says even if the ALJ did consider both severe and non-severe impairments in the remaining steps as required, the ALJ could not have considered Plaintiff's symptoms due to HIV when arriving at the "light" RFC because "the ALJ had already determined that Plaintiff's HIV did not even minimally affect is ability to work."[28]

The Court disagrees. Plaintiff Lenarz misstates the definition of a non-severe impairment.

---

[23] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[24] *See id.*
[25] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[26] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[27] *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[28] Doc. 17.
[29] *Id.*
[28] *Id.*

Case No. 5:12-CV-01542
Gwin, J.

A determination that an impairment is not severe is not a determination that the impairment does not minimally affect the claimant's ability to work. Rather a determination that an impairment is not severe is a determination that the impairment no *more* than minimally affect the claimant's ability to work.[29] Therefore, when the ALJ considered both the severe and non-severe impairments in the remaining steps, the ALJ could and did consider HIV related symptoms that minimally affected the claimant's ability to work. The ALJ not only considered Plainitff's inability to be around sharp objects but also his fatigue when arriving at the "light RFC."[29] As such, the ALJ's failure to find Plaintiff's HIV infection to be a severe impairment would not warrant reversal even if it were an error.[30]

### IV. Conclusion

For the reasons above, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.


Dated: September 16, 2013            s/   *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[29] An impairment is "not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985).

[29] Doc. 10 at 22-23.

[30] *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(finding that the ALJ's consideration of the cumulative effect of plaintiff's impairments (severe and non-severe) throughout the remaining steps rendered any error harmless); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (finding that Secretary's failure to find claimant's cervical condition severe was not reversible error because he found other impairments severe).